[Cite as *State v. Washington*, 2026-Ohio-2711.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 115266 |
| ERIC WASHINGTON, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** July 14, 2026

Cuyahoga County Court of Common Pleas
Case No. CR-14-590774-A
Application for Reopening
Motion No. 596297

### *Appearances:*

Eric Washington, *pro se.*

LISA B. FORBES, P.J.:

{¶ 1} On June 11, 2026, the applicant, Eric Washington, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Washington,* 2026-Ohio-740 (8th Dist.), in which this court affirmed Washington's convictions for two counts of rape and one count of kidnapping with firearm specifications. Washington argues that his appellate counsel should have argued ineffective

assistance of trial counsel for not raising the statute-of-limitations defense at trial. For the following reasons, this court denies the application.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the appellate court's decision unless the applicant shows good cause for filing late.

{¶ 3} The Ohio Supreme Court has strictly enforced the 90-day deadline. In *State v. LaMar*, 2004-Ohio-3976, and *State v. Gumm*, 2004-Ohio-4755, the applicants argued that after the courts of appeals decided their cases, their appellate attorneys continued to represent them, and their appellate attorneys could not be expected to raise their own incompetence. Although the Supreme Court agreed with this principle, it rejected the argument that continued representation provided good cause. In both cases the court ruled that the applicants could not ignore the 90-day deadline, even if it meant retaining new counsel or filing the applications themselves. The court found that lack of effort, imagination, and ignorance of the law do not establish good cause for failing to comply with the 90-day deadline.

{¶ 4} In *State v. Winstead,* 74 Ohio St.3d 277 (1996), the Supreme Court of Ohio, affirmed the decision of the Tenth District that the failure of an overnight courier to deliver the application timely did not state good cause. The Court explicitly held "that a courier's delay in delivery is not 'good cause' for accepting an App.R. 26(B) application for reopening that is untimely filed." *Id.* at 278.

{¶ 5} This court has ruled "miscalculation of the time needed for mailing would also not state good cause." *State v. Zimmer*, 2017-Ohio-8309, ¶ 3 (8th Dist.),

citing *State v. Agosto*, 2006-Ohio-5011 (8th Dist.), *reopening disallowed*, 2007-Ohio-848; *State v. Ellis*, 2009-Ohio-852 (8th Dist.), *reopening disallowed*, 2009-Ohio-2875; *State v. Peyton*, 2006-Ohio-3951 (8th Dist.), *reopening disallowed*, 2007-Ohio-263. In *Zimmer*, this court declined to review an application filed 91 days after the court of appeals opinion was journalized. Similarly, inactions of the prison mail system have been found insufficient to demonstrate good cause for untimely filing. *State v. Black*, 2020-Ohio-3278 (8th Dist.); *State v. Armstrong*, 2024-Ohio-6178 (8th Dist.).

**{¶ 6}** This court issued its decision affirming Washington's convictions on March 5, 2026. Washington's application to reopen was filed on June 11, 2026, 98 days after journalization of the appellate court's decision.[1] Thus, Washington's application is untimely. Washington did not offer any explanation to show good cause.

**{¶ 7}** Accordingly, this court denies the application to reopen.

---

LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
EILEEN A. GALLAGHER, J., CONCUR

---

[1] We arrived at 98 days as follows: 26 days from March 6 to March 31, plus 30 days in April, plus 31 days in May, plus 11 days from June 1 to 11.